# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

BENJAMIN C. PRICE,           :
                             :
        Petitioner,          :
                             :
    v.                       :      CIVIL ACTION NO.: CV214-032
                             :
UNITED STATES OF AMERICA,    :
                             :
        Respondent.          :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Benjamin Price ("Price"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Price filed a Traverse. For the reasons which follow, Price's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Price was convicted, after a jury trial, in the Northern District of Indiana of being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"). The district court sentenced Price to 250 months' imprisonment. Price filed a direct appeal, and the Seventh Circuit Court of Appeals affirmed Price's conviction and sentence. United States v. Price, 520 F.3d 753 (7th Cir. 2008).

Price then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In that motion, Price asserted that he was denied his constitutional right to counsel during a critical stage of his trial. Price also asserted that he should not have been sentenced as an armed career criminal because one of his prior convictions did not qualify as a violent felony under the ACCA. Price cited Begay v. United States, 553 U.S. 137 (2008), as support for his position that his Indiana state court conviction for criminal recklessness is not a violent felony. The trial court denied Price's motion, and the Seventh Circuit of Appeals affirmed the trial court's judgment. (Doc. No. 13, pp. 3–4).

Price filed a previous § 2241 petition in this Court in Case Number CV212-136. Prices asserted in that petition that his Indiana state conviction for reckless conduct does not qualify as a predicate offense for his conviction under the ACCA. Thus, Price contended, he is actually innocent of his conviction under the ACCA. (CV212-136, Doc. No. 1). The undersigned recommended that Price's petition be dismissed because he did not satisfy the savings clause of 28 U.S.C. § 2255. The Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court. The Eleventh Circuit Court of Appeals affirmed this Court's determination. (CV212-136, Doc. Nos. 12, 20, 21, and 30).

In this petition, Price contends that he is actually innocent of his sentence enhancement under the ACCA because two of his previous convictions—his 1985 Illinois burglary and his 1996 Indiana criminal recklessness convictions—are no longer "violent felonies" within the meaning of the ACCA. Price cites Descamps v. United

States, ___ U.S.___, 133 S. Ct. 2276 (June 20, 2013). Respondent asserts that Price's petition is without merit.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petition must show that the remedy afforded under section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford

3

decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely

foreclosed [his] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty [authorized].

Bryant, 738 F.3d at 1274 (11th Cir. 2013). A petitioner must satisfy all five (5) of these requirements to obtain relief under Bryant. Under Bryant, Price must establish that the rule announced in the case upon which he relies, Descamps, applies retroactively to cases on collateral review.

In determining whether a new rule announced by the United States Supreme Court is retroactively applicable for purposes of a first § 2255 motion or a subsequent § 2241 petition brought under § 2255(e), the Eleventh Circuit distinguishes substantive rules from procedural rules. New substantive rules "generally apply retroactively on collateral review." Bryant, 738 F.3d at 1277 (citing Schriro v. Summerlin, 542 U.S. 348, 351–52 (2004)). New rules are substantive if they "narrow the scope of a criminal statute by interpreting its terms" or amount to "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id.

In contrast, procedural rules are only retroactive if they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (also noting that this class of rules is "extremely narrow"). A new rule is procedural if it "regulates only the manner of determining the defendant's culpability," and such rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of

the invalidated procedure might have been acquitted otherwise." Id. (quotations omitted).

Price has unsuccessfully attacked his conviction under the ACCA in a collateral proceeding by relying on Begay v. United States, 553 U.S. 137 (2008). The Eleventh Circuit determined in Bryant that Begay had introduced a retroactively applicable substantive rule, because the Supreme Court had interpreted the term "violent felony" in such a way that narrowed the scope of its application in sentencing under the ACCA. Bryant, 738 F.3d at 1277. However, the rule in Descamps is procedural rather than substantive. The Supreme Court held in Descamps that, in determining whether a conviction under a state criminal statute could count as an ACCA predicate offense, a court could not apply a "modified categorical approach" to the elements of the state statute if that statute included "non-divisible" elements that made it broader than the generic crime enumerated in the ACCA. ___ U.S. at ___, 133 S. Ct. at 2283. This rule dictates the "manner of determining culpability" under the ACCA and does not "narrow the scope of a criminal statute by interpreting its terms." Bryant, 738 F.3d at 1277 (quoting Schriro, 542 U.S. at 351–52). As such, it is a procedural rule. The Supreme Court did not indicate that the new rule in Descamps was a "watershed rule for criminal procedure," and this Court has not found any other decisions concluding that it is. Furthermore, Price (who bears the burden of establishing retroactivity) has not presented any cases finding the rule in Descamps to be retroactively applicable as a substantive rule or as a new "watershed" procedural rule. Thus, as several other district courts have already held, the rule announced in Descamps is not retroactive on collateral review. United States v. Upshaw, Nos. 4:02cr3, 4:14cv278, 2014 WL

3385118, at *2 (N.D. Fla. July 9, 2014) (the Supreme Court has not declared Descamps to be retroactively applicable to cases on collateral review); Williams v. Ziegler, 5:12-cv-00398, 2014 WL 201713, at *2 n.3 (S.D. W.Va. Jan. 17, 2014) (case law indicates that Descamps is not retroactively applicable to cases on collateral review) (citing United States v. Sanders, 4:03-CR-154, 2013 WL 5707808, at *2 n.25)(N.D. Ohio)(Oct. 18, 2013), and Landry v. United States, A-13-CV-715 LY, 2013 WL 5555122, at *2 (W.D. Tex.)(Oct. 4, 2013)); United States v. Copeland, 08-CR-0137, 2014 WL 63933, at *2 (N.D. Okla.) (Jan. 8, 2014) (Supreme Court did not make Descamps retroactively applicable to cases on collateral review and does not provide a basis for a movant to file a second or successive § 2255 motion); Newton v. Pearce, No. A-13-CA-943 SS, 2013 WL 6230622, at *3 (W.D. Tex.) (Dec. 2, 2013) (Supreme Court has not made decision in Descamps retroactively applicable to cases on collateral review, and the court was unable to find any lower courts applying this decision retroactively to cases on collateral review); Roscoe v. United States, 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at *11 (N.D. Ala.)(Oct. 16, 2013) (Supreme Court has not declared Descamps retroactively applicable to cases on collateral review); and Reed v. United States, 8:13-cv-2401-T-24-TGW, 2013 WL 5567703, at *3 (M.D. Fla.) (Oct. 9, 2013) (Descamps not declared to be retroactively applicable to permit a successive § 2255 motion).

Additionally, Price fails to present evidence that he was convicted of a non-existent offense, as the cases he cited do not de-criminalize the conduct for which he was convicted.[1] Price has not satisfied the requirements of § 2255's savings clause.

---

[1] The Eleventh Circuit has determined that the petitioner's "status as a career offender is a non-constitutional issue that [he] could have raised on direct appeal" and that his claim "is not cognizable on collateral review under § 2255." United States v. Coley, 336 F. App'x 933, 936 (11th Cir. 2005). The Eleventh Circuit, in making this determination, noted that section 2255 cannot "do service for an appeal"

AO 72A
(Rev. 8/82)

See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all requirements must be satisfied before section 2255's savings clause is satisfied). Simply because Price's contentions were not sustained on previous occasions, this does not render § 2255 inadequate or ineffective to permit Price to proceed pursuant to section 2241. Because Price has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Price cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Price is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Price's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this ___16th___ day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

because "'a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment . . . unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice.'" Id. at 935-36 (quoting Lynn v. United States, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (emphasis in original).

AO 72A
(Rev. 8/82)