# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

BENJAMIN C. PRICE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

CV 214-032

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation (Dkt. no. 15), to which Petitioner Benjamin Price ("Price") filed Objections, as amended. In his Objections, Price contends that his prior Illinois burglary and Indiana criminal recklessness convictions are not qualifying convictions under the Armed Career Criminal Act ("ACCA"). Thus, Price asserts that he is actually innocent of being eligible for a sentence enhancement under the ACCA. Price cites to cases arising out of the Fourth, Seventh, and Eighth Circuits' Courts of Appeals in support of his position that he should no longer have the ACCA sentence enhancement. He also cites an unpublished Supreme Court

1

case vacating and remanding an Eighth Circuit habeas petition for further consideration in light of Descamps v. United States, 133 S. Ct. 2276 (2013).

The undersigned notes that cases arising out of courts which are not this Court, the Eleventh Circuit Court of Appeals, or the United States Supreme Court have no precedential value in this Court. However, as the Magistrate Judge informed Price, controlling precedent dictates that Price's petition be dismissed. The undersigned also notes that cases arising out of the Eleventh Circuit which Price cites, Mackey v. Warden, 739 F.3d 657 (11th Cir. 2014), and Moore v. Warden, 568 F. App'x 838 (11th Cir. 2014), do not lend support to his contentions. In both Mackey and Moore, the Eleventh Circuit determined that the petitioners satisfied all five (5) requirements of Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013). Mackey, 739 F.3d at 662; Moore, 568 F. App'x at 840-41. In contrast, Price fails to satisfy all five (5) of Bryant's requirements, as the Magistrate Judge determined. To the extent Price asserts that Seventh Circuit precedent foreclosed his claims on previous occasions, this Court is not the proper forum in which to make such assertions.

Finally, the undersigned notes that the Supreme Court's decision in Olten v. United States, 134 S. Ct. 639 (Nov. 18, 2013), does not establish that the Supreme Court has made

AO 72A
(Rev. 8/82)

Descamps retroactively applicable on collateral review, as Price contends. Even after the Supreme Court's decision in Olten, the Eleventh Circuit has reiterated that Descamps is not retroactively applicable on collateral review. See, e.g., Nipper v. Warden, FCC Coleman, No. 12-3281, 2015 WL 106855, *2 (11th Cir. Jan. 8, 2015) (noting that a defendant "may not 'open the portal' to a § 2241 petition based on Descamps. Neither the Supreme Court nor this Court has held that Descamps applies retroactively on collateral review. Beyond that, Descamps was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."); Wilson v. Warden, FCC Coleman, 581 F. App'x 750, 753 (11th Cir. Sept. 3, 2014) (noting that the "Supreme Court itself has not expressly declared Descamps to be retroactive to cases on collateral review.").

Price's Objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Price's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 11TH day of February, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA